Decided Jan 22, 1934

## CITY TRUST & SAVINGS BANK v ELKIN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Dec 21, 1934

McKain, Ohl & Swanner, Youngstown, for plaintiff in error.

Kenneth M. Lloyd, Youngstown, and George C. McKelvey, St. Clairsville, for defendant in error.

SHERICK and MONTGOMERY, JJ, (5th Dist) sitting by designation.

## OPINION

By SHERICK, J.

It is first asserted that the verdict and judgment entered thereon is contrary to the manifest weight of the evidence. The principal question presented thereby is whether or not the contract existing between the litigants was modified by the conversation had between their respective attorneys on the 11th day of September, 1929, as evidenced by their verbal testimony and plaintiff's exhibits 7 and 8. It seems to us clear that the jury in considering this evidence in conjunction with plaintiff's exhibit 5, and the difficulty which arose when the bank proposed to sell the steam shovel piece-meal, was such evidence as would and did permit the jury to arrive at a conclusion that the contract as existing between these parties was modified, as claimed by the defendant in error, on that day, and there being credible testimony, as herein indicated, this court must apply the old rule that we shall not supplant our judgment for that of the jury. The verdict is not against the manifest weight of the evidence.

As a second ground of error, it is claimed that it is not proven that a general agency existed between the bank, as principal, and Mr. Ohl, its counsel, with authority to modify the agreement as was found by the jury. It appears from the record that Mr. Ohl not only had general charge of the matter in question for the bank, but that he must have had special direction concerning the supplemental agreement made on September 11th, for the bank's counsel indicates in plaintiff's exhibit 7; that is, the letter confirming the telephone agreement between counsel, refers in two specific places to the effect that the matter had been taken up with Mr. Gribbon, a vice president of the bank, who says that he was in full charge of the matter. By this evidence general agency is shown to have existed, not only by direct authority previously given but by ratification of the agent's act.

The third and final ground of error is to the effect that the defendant in error made no tender of the two notes, which were to be delivered to the bank upon its payment of the sum of $1500.00, as agreed upon.

We know from the petition filed in this case that it was averred: "That plaintiff has performed all the acts on his part to be performed in said agreement, and has tendered said notes to the defendant and demanded of defendant the said sum of $1500.00", which defendant refused. Counsel for the bank direct our attention to the case of **Insurance Company v Baldwin, 62 Oh St, 368**, to the effect that when one makes averment that he has performed all the conditions of a contract to be perform-

ed upon his part, that his proof upon trial must show such performance in order to entitle him to recover.

There is no attempt in this case to prove a tender of these notes, and counsel for the defendant in error here assert that proof of tender is not necessary in a case of this character, but that mere willingness and readiness to perform is sufficient, and in support of this view our attention has been directed to 6 R.C.L., Contracts, §§328 and 329. We find that therein it is stated as a general rule that where the defendant is to do the first act toward a mutual performance, it is sufficient for the plaintiff to show a mere readiness on his part. Further along, on page 949, the author enlarges upon the rule and remarks that some jurisdictions have not subscribed to this rule, and we note his direction to the case of **Raudabaugh v Hart, 61 Oh St, page 73,** and examining this authority we find it there stated that mere willingness and readiness to perform, uncommunicated to the other party, will not avail. If this case stood unmodified we would be inclined to reverse this cause because of this claimed error. However, this authority is found distinguished in the case of **Brewing Company v Maxwell, 78 Oh St, 54.** It is therein held that the rule of the Raudabaugh case, supra, does not apply in a situation where the making of tender would be a vain act.

Having this distinguishing feature in mind, we have perused the record in this case to ascertain if tender or proof of tender was necessary to be made under the facts appearing.

It is shown that the bank came into the hands of the State Superintendent of Banks some time after the 11th day of September, 1929, and that proof of claim was made by the defendant in error upon the Superintendent, which fully set forth the nature and character of his claim, and that the same was rejected. It also appears that Mr. Ohl as counsel for the bank, locally represented the Superintendent of Banks, and that Mr. Ohl had full knowledge of this rejection. It appears from other exhibits attached to this record that the bank was persistently insisting upon its version of the contract and that it was in no manner inclined to accept the version of the defendant in error. The record discloses that request was made upon the bank to pay the plaintiff's claim, and the whole course of conduct of the bank is indicative of its refusal to make payment.

It may be further noted that under the plaintiff's version of the contract, as amended, that he was required to do and perform an act, to-wit, surrender possession of the steam shovel. This the plaintiff did. The final act of the plaintiff, that is to turn over the notes to the bank, was to be contemporaneous with the bank's paying of the plaintiff's demand. The fact is that the consideration of the bank paying this demand was not only for the transfer of the notes in question, but that such was also a consideration for the release of the shovel by the plaintiff of his interest therein. It therefore appears to us that inasmuch as all the acts on the part of the plaintiff to be done and performed were not contemporaneous with the payment by the bank, that the rule of the Raudebaugh case can not strictly apply. This is true not only in respect to the comment just made, but in view of the fact that the making of tender of these notes and proof thereof would in fact have been a vain thing.

Finding no error in this record of the proceedings below, the judgment is affirmed.

Judgment affirmed.

MONTGOMERY, J, concurs.